IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WFG NATIONAL TITLE INSURACE    *
COMPANY,                       *
                               *
         Plaintiff,            *
                               *   CV 124-158
         v.                    *
                               *
KIRKLAND FINANCIAL, LLC,       *
                               *
         Defendant.            *
```

**O R D E R**

Presently pending before the Court is Kirkland Financial, LLC's ("Kirkland") motion to dismiss. (Doc. 16.) For the following reasons, Kirkland's motion to dismiss is converted into a motion for summary judgment.

**I. BACKGROUND**

This case was removed from the Superior Court of Richmond County, Georgia on September 5, 2024. (Doc. 1.) Kirkland removed based on diversity jurisdiction, pursuant to 28 U.S.C. 1332. (Id. at 2.) The Parties are completely diverse and the amount in controversy exceeds $75,000. (Id.)

The Complaint, as filed in the Superior Court of Richmond County, alleges the following. On November 5, 2015, Gordon Group Development, LLC bought four properties located on Valencia Lane

in Augusta, Georgia (the "Properties"). (Doc. 1-1, at 9-10.) On June 8, 2016, Gordon Group Development, LLC conveyed the Properties to Gordon Group, LLC ("Gordon Group"). (Id. at 10.) On April 20, 2018, Flourish Home Investors, LLC ("Flourish") attempted to buy the Properties from 230 Goshen Investment Group, LLC ("Goshen") (the "Goshen/Flourish Transaction"). (Id.) But no chain of deeds exists transferring the Properties from Gordon Group to Flourish. (Id.) In fact, at the time of the Goshen/Flourish Transaction, Goshen did not hold valid title to the Properties. (Id. at 11.) At all relevant times, Gordon Group held title to the Properties. (Id.)

On April 30, 2018, in connection with the Goshen/Flourish Transaction, Flourish granted a Purchase Money Deed to Secure Debt Short Term Balloon ("APL Security Deed") secured by the Properties to Atlanta Private Lending, LLC ("APL"). (Id. at 10.) The APL Security Deed was recorded on July 30, 2018. (Id.) Subsequently, the APL Security Deed was assigned to Kirkland. (Id.) Kirkland then assigned the APL Security Deed to Peak Asset Management, LLC ("Peak"). (Id.) Peak then assigned the APL Security Deed to Trinity Life Insurance Company, LLC ("Trinity"). (Id.)

SSP Title & Escrow Solutions, LLC ("SSP") served as the settlement agent and WFG National Title Insurance Company ("WFG") policy (the "Policy") issuing agent for the loan transaction in which APL extended $484,400.00 to Flourish to finance the

Goshen/Flourish Transaction. (Id. at 11.) Marshal Hodge served as the closing agent to the Goshen/Flourish Transaction. (Id.) Hodge failed to review, or properly review, title to the Properties; failed to detect and resolve any defects in title; and provided an incorrect opinion about the Properties' title. (Id.) Despite the deficiencies with the title to the Properties, SSP issued a WFG lender's policy to Flourish insuring Flourish held a valid lien against title to the Properties. (Id.)

Gordon Group filed a quiet title action (the "Quiet Title Action" for the Properties against Flourish and Peak in the Superior Court of DeKalb County, Georgia. (Id. at 12.) On November 29, 2022, the Superior Court of DeKalb County ordered and adjudged that Peak, Goshen, and Flourish have no right, title, or interest in the Properties. (Id.) WFG received notice of, and accepted a claim against, the WFG lender's policies issued to APL based on the defect in the Properties' title. (Id.)

As mentioned above, Kirkland assigned the APL Security Deed to Peak on January 29, 2019 (the "Kirkland Assignment"). (Id.) As part of the Kirkland Assignment, Kirkland and Peak executed a Mortgage Loan Purchase and Interim Servicing Agreement (the "Servicing Agreement"). (Id.) Under the Servicing Agreement, Peak sent Kirkland a Notice of Breach in compliance with the Servicing Agreement. (Id. at 13.) Kirkland has failed to satisfy its obligations under the Servicing Agreement by failing to cure,

3

repurchase, or otherwise indemnify or compensate Peak. (Id.) WFG, under the Policy, compensated Peak for $484,400.00 in damages resulting from Kirkland's breaches of the Servicing Agreement. (Id.)

Based on these events, WFG brings two claims against Kirkland: Count I - breach of contract; Count II - contractual or conventional indemnification. (Id. at 13-14.) WFG alleges that it has stepped into the shoes of Peak, its insured, to recover losses incurred because of Kirkland's breaches. (Id. at 14.) Kirkland has moved to dismiss (Doc. 16), WFG responded in opposition (Doc. 19), and Kirkland replied in support (Doc. 24). The motion has been fully briefed and is ripe for the Court's review.

Preliminarily, the Court considers WFG's argument that Kirkland is converting the motion into a motion for summary judgment by including matters outside the pleadings. (Doc. 19, at 3.) Alternatively, they argue the Court should exclude the documents Kirkland presents in its motion. (Id.) Kirkland asserts the documents are properly considered at the motion to dismiss stage because they are central to the complaint, and the Court can take judicial notice of some documents. (Doc. 24, at 2-4.)

Generally, when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court is restrained to consider the allegations within the four corners of

4

the complaint. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). An exception to the general rule is recognized "if [the extrinsic document] is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); accord Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1285 (11th Cir. 2007) (considering document attached to motion to dismiss because "it [was] referred to in the complaint, it [was] central to [the plaintiff's] . . . claim, . . . and neither party challenge[d] its authenticity"). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court," it "must convert the motion to dismiss into a summary judgment motion." FED. R. CIV. P. 12(d); SFM Holdings, 600 F.3d at 1339.

There are eight exhibits attached to Kirkland's motion to dismiss, and the Court must determine whether it may consider them as part of the motion to dismiss. If any of the documents are improper for a motion to dismiss, the Court will decide whether it will not consider them, or whether it will consider them and convert the motion into a motion for summary judgment.

Exhibit 1 is the title insurance policy provided by WFG. (Doc. 16-1.) The Policy is central to WFG's claim and is mentioned in the Complaint. Further, WFG does not dispute the authenticity

5

of the document. Thus, the Court finds it can consider Exhibit 1 without converting the motion to a motion for summary judgment.

Exhibits 2 and 3 are the complaint and judgment from Peak suing Kirkland in the Chancery Court of Sumner County, Tennessee (the "Tennessee Lawsuit"). (Docs. 16-2, 16-3.) There is no mention of the Tennessee Lawsuit in the Complaint, so the Court finds the complaint and judgment are not properly before the Court at this stage.

"When a court considers matters outside of the pleadings in a [Rule] 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment." Poulsen v. Publix Super Markets, Inc., 302 F. App'x 906, 908 (11th Cir. 2008) (citing FED. R. CIV. P. 12(b); Trustmark Ins. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002)). Kirkland argues the judgment in the Tennessee Lawsuit bars WFG's action on the same claim here. (Doc. 17, at 6-7.) Because determination of this argument could potentially resolve the case, the Court finds it most efficient to consider evidence outside the pleadings.

Based upon the foregoing, the Court **CONVERTS** Kirkland's motion to dismiss (Doc. 16) into a motion for summary judgment. See Lewis v. Asplundh Tree Expert Co., 305 F. App'x 623, 627 (11th Cir. 2008). The Clerk is **DIRECTED** to terminate the motion to dismiss (Doc. 16) as **MOOT** and re-file the motion to dismiss as a motion for summary judgment on the docket following this Order.

The Clerk is **FURTHER DIRECTED** to issue a notice of summary judgment pursuant to Griffith v. Wainwright, 772 F.3d 822, 825 (11th Cir. 1985) (per curiam) to WFG.  WFG shall have twenty-one days to file a response to the motion along with any evidence that may normally be submitted at the summary judgment stage.  Kirkland shall then have fourteen days from the submission of WFG's response to reply and file any additional evidence.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of September, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA