**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 124-158 |
| v. | * | |
| | * | |
| KIRKLAND FINANCIAL, LLC, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court are Kirkland Financial, LLC's ("Kirkland") motion for summary judgment (Doc. 30), WFG National Title Insurance Company's ("WFG") motion for extension of time to complete discovery (Doc. 36), WFG's motion to strike Kirkland's statement of undisputed material facts ("SUMF") (Doc. 37), and Kirkland's request to vacate the Court's September 26, 2025 Order (Doc. 40). The Court considers the Parties' motions and requests below.

## I. BACKGROUND

The background of this case was outlined in the Court's September 26, 2025 Order in which it converted Kirkland's motion to dismiss into a motion for summary judgment.[1] (Doc. 29.) In

[1] The Court adopts any defined terms in the September 26, 2025 Order for use in this Order to ensure consistency.

that order, the Court looked at the eight exhibits attached to Kirkland's motion to dismiss to determine whether they could be considered in ruling on the motion. (Id. at 5-7.) When looking at Exhibits 2 and 3, the complaint and judgment from the Chancery Court of Sumner County, Tennessee (the "Tennessee Lawsuit"), the Court found considering them required converting the motion to a motion for summary judgment. (Id. at 6.) One of Kirkland's arguments for dismissal was that the Tennessee Lawsuit's judgment bars WFG's claims, and the Court held that since this could resolve the case, it would be most efficient to consider evidence outside the pleadings. (Id.) Thus, the Court provided WFG time to respond to the converted motion for summary judgment and allowed Kirkland to reply. (Id. at 6-7.) This conversion has led to several additional requests from both sides. The Court considers the Parties' motions and requests below.

## II. RECONSIDERATION REQUEST

First, the Court addresses Kirkland's request pursuant to Federal Rule of Civil Procedure 54(b) that the Court vacate its September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment. (Doc. 40, at 1.) Kirkland asserts the Court erred in concluding the exhibits required conversion to a summary judgment and urges the Court to rule on the motion as originally filed, as one to dismiss. (Id. at 2.) Kirkland argues

the Court should have taken judicial notice of the Tennessee Lawsuit's documents, and the most straightforward path is for the Court to grant the originally filed motion to dismiss. (Id. at 4.) In response, WFG argues the Court properly converted the motion to one for summary judgment, and the Court only could have taken judicial notice of the Tennessee Lawsuit documents to determine "which statements the documents contain (but not for determining the truth of those statements)." (Doc. 45, at 2 (citation omitted).)

The Eleventh Circuit has held that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted); see also ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (court took notice of settlement in a related proceeding that rendered the current case moot). It is not appropriate to take judicial notice to prove the truth of the document's contents, but it can be used "for the purpose of determining what statements the documents contain." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) (citation omitted). Pursuant to Federal Rule of Evidence 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Turning to Rule 54(b), it provides,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). The Eleventh Circuit has said that Rule 54(b) takes after Rule 60(b). Herman v. Hartford Life and Accident Ins., 508 F. App'x 923, 927 n.1 (11th Cir. 2013) (citation omitted). Rule 60(b) permits "relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (quoting FED. R. CIV. P. 60(b)) (internal quotation marks omitted).

The Court finds it inadvertently overlooked its ability to take judicial notice of the Tennessee Lawsuit complaint and judgment by recognizing the judgment as a "judicial act" and the complaint as the subject matter of the litigation. Jones, 29 F.3d at 1553 (citations omitted). While the Tennessee Lawsuit was not mentioned in the Complaint, which is why the Court did not originally take notice of it, it is still proper to take judicial notice of the documents to determine what statements they contain.

Bryant, 187 F.3d at 1278. The accuracy of the documents "can be readily ascertained from the public court records." Kraft v. Kurowski, No. 5:25-CV-677, 2026 WL 1839877, at *1 (M.D. Fla. June 25, 2026) (citing FED. R. EVID. 201(b)(2); Redner v. Citrus Cnty., 919 F.2d 646, 657 n.14 (11th Cir. 1990)). Consequently, the Court will take judicial notice of the complaint and judgment in the Tennessee Lawsuit (Docs. 16-2, 16-3), "not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and the filings therein." Id. (citing Jones, 29 F.3d at 1553; Bryant, 187 F.3d at 1278). Under the Federal Rules of Evidence, "the court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

Based on this determination, the Court finds that converting the motion to dismiss to a motion for summary judgment was unnecessary to consider the Tennessee Lawsuit documents. Thus, the Court **TAKES NOTICE** of the complaint and judgment from the Tennessee Lawsuit[2] (Docs. 16-2, 16-3) and **VACATES** the September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment. The Court will consider the motion to dismiss

[2] Federal Rule of Evidence 201(e) provides that "a party is entitled to be heard on the propriety of taking judicial notice." The Eleventh Circuit has held that a party made aware of documents and having an opportunity to respond to them satisfies the opportunity to be heard requirements. See Bryant, 187 F.3d at 1279. Since WFG had ample opportunity to challenge the propriety of judicial notice through the briefing in this matter, the Rule's requirements have been satisfied.

as originally filed and fully briefed by the Parties.[3] (Docs. 16, 17, 19, 24.) In ruling on the motion to dismiss, the Court will consider the complaint and judgment from the Tennessee Lawsuit. (Docs. 16-2, 16-3.)

## III. MOTION TO DISMISS

Kirkland moves to dismiss on four grounds: (1) Peak Asset Management LLC ("Peak") already sued Kirkland in Tennessee and the judgment carries preclusive effect, thus barring this claim; (2) WFG cannot sue Kirkland because Kirkland is also insured under the same policy as Peak; (3) Peak has no claim for WFG to assume because Kirkland's warranty required "prompt" notice of a breach, and Peak waited over a year to give notice; and (4) WFG fails to make a plausible allegation that Peak even suffered a compensable loss supporting subrogation. (Doc. 17, at 1-2, 6-9.) The Court considers the arguments in turn.

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule

[3] Pursuant to this finding, Kirkland's motion for summary judgment — the converted motion to dismiss (Doc. 30) is **DENIED AS MOOT**. Additionally, WFG's motions for discovery (Doc. 36) and to strike the SUMF (Doc. 37) are **DENIED AS MOOT** as the motion for summary judgment is no longer pending.

of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

**B. Discussion**

First, Kirkland asserts the judgment in the Tennessee Lawsuit bars WFG's action on the same claims here. (Doc. 17, at 6-7.) It argues that WFG is suing Kirkland on a claim that originally belonged to Peak, but Peak already "shot its bolt - and thus WFG's - when it sued Kirkland in Tennessee and obtained a final judgment on the very same claim." (Id.) Kirkland argues privity exists between WFG and Peak for claim-preclusion, and WFG's claim, which was originally Peak's, fails. (Id. at 7.) In response, WFG argues it did not participate or assent to the Tennessee Lawsuit, so its subrogation rights were not extinguished. (Doc. 19, at 4-5.) WFG also argues there are no allegations that it knew of the suit, and Kirkland knew of WFG's subrogation rights as a prior insured, so Kirkland should have inquired with Peak about whether the rights had accrued. (Id. at 5.)

"The Full Faith and Credit Act mandates that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996) (quoting 28 U.S.C. § 1738). "The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." Id. Furthermore, courts "may not 'employ their own rules . . . in

determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'" Id. (citation omitted). The Court must then turn to the laws of Tennessee to interpret the effect of the judgment entered in the Tennessee Lawsuit.

Under Tennessee law, res judicata "precludes 'a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit.'" Gerber v. Holcomb, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (citation omitted).

> To establish that a claim is barred by res judicata, the moving party must show "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits."

Burns v. Taurus Int'l Mfg., Inc., No. 20-20030-CIV, 2021 WL 6135122, at *3 (S.D. Fla. Oct. 6, 2021) (quoting Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012)). The Court turns to these four elements.

First, there is no dispute that the Chancery Court of Tennessee for the Eighteenth Judicial District at Gallatin is a court of competent jurisdiction. Thus, element one is satisfied. As to element two, "Tennessee law provides that 'parties are in privity for purposes of res judicata if they share the same interest in the subject matter of a lawsuit.'" Id. at *4 (quoting

Lloyd's Acceptance, Corp. v. Carroll Prop. Mgmt., LLC, No. 17-CV-02203, 2018 WL 3132621, at *6 (W.D. Tenn. June 26, 2018)). In the Tennessee Lawsuit, Peak sued Kirkland for breach of contract under the Servicing Agreement. (Doc. 16-2, at 1-3.) Here, WFG sued Kirkland for breach of contract under the Servicing Agreement by "stepp[ing] into the shoes of its insured, Peak." (Doc. 1-1, at 14.) Since WFG is stepping into the shoes of Peak, it follows that they share the same interest in the subject matter of the lawsuit. Burns, 2021 WL 6135122, at *4 (citation omitted). "[P]rivity 'connotes an identity of interest, that is, a mutual or successive interest to the same rights.'" Id. (quoting Bank of N.Y. Mellon v. Berry, No. W2017-01213-COA-R3-CV, 2018 WL 930967 *4 (Tenn. Ct. App. Feb. 15, 2018)). WFG makes an equity argument based on Georgia law that its subrogation rights were not extinguished by the settlement in the Tennessee Lawsuit because WFG was not a party and did not consent to the settlement. (Doc. 19, at 4-5.) However, Georgia law does not apply to this analysis, as outlined above. Further, WFG sues on behalf of Peak, for breach of the Servicing Agreement. It is therefore impossible to argue WFG is not in privity with Peak as it has stepped into the shoes of Peak, it explicitly derives its right to suit from being Peak's insurer, and it would have no breach of contract claim against Kirkland without Peak because WFG is not a party to the Servicing

Agreement.[4] Thus, the Court finds privity exists between Peak and WFG, satisfying element two.

For element three, the Court finds this suit and the Tennessee Lawsuit assert the same claim – breach of contract against Kirkland under the Servicing Agreement. (Doc. 1-1, at 13-15; Doc. 16-2, at 1-3.) WFG argues its subrogation rights were not extinguished because it was not a party to that lawsuit and did not consent to the settlement, but that is irrelevant to the Court's determination here. The plain language of both complaints show the same breach of contract claims asserted against Kirkland by first the insured, Peak, and then the insurer, WFG. Thus, element three is satisfied. Finally, the Court turns to element four. The Parties do not dispute that a settlement was reached in the Tennessee Lawsuit, and a consent judgment was ultimately entered. (Doc. 16-3.) Under Tennessee law, "a judgment or decree based on a compromise is 'on the merits' and is a bar to a subsequent action on the same issues." Third Nat'l Bank v. Scribner, 370 S.W.2d 482, 487 (Tenn. 1963); see also Gerber, 219 S.W. 3d at 917 ("Generally, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits."). The judgment entered provided "the parties have resolved the issues in dispute in this case and stipulated to its dismissal with prejudice." (Doc. 16-3, at 2.) The Court therefore

[4] As defined in the Court's September 26, 2025 Order, the Servicing Agreement was entered between Kirkland and Peak. (Doc. 29, at 3.)

ordered the action dismissed with prejudice. (Id.) Since Tennessee holds that a consent judgment operates as a judgment on the merits, element four is satisfied.

Based on the above, and upon review of the Tennessee Lawsuit's complaint and judgment, the Court finds this suit is barred by res judicata and shall be dismissed. The Court will not address Kirkland's other reasons for dismissal.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Kirkland's request to vacate the Court's September 26, 2025 Order (Doc. 40) is **GRANTED**. The Court **VACATES** the September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment, **REOPENS** the originally filed motion to dismiss (Doc. 16), **TAKES JUDICIAL NOTICE** of the complaint and judgment in the Tennessee Lawsuit (Docs. 16-2, 16-3), and **GRANTS** the motion to dismiss (Doc. 16), finding WFG's claims against Kirkland are barred by res judicata. The **CLERK** is **DIRECTED** to terminate all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA