**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **WFG NATIONAL TITLE INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KIRKLAND FINANCIAL LLC,**<br><br>**Defendant.** | **Civil Action No.**<br>**1:24-cv-0158-JRH-BKE** |

## MOTION FOR AWARD OF ATTORNEY'S FEES, EXPENSES, AND COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The Defendant, Kirkland Financial LLC, respectfully moves for an award of attorney's fees, expenses, and costs pursuant to Federal Rule of Civil Procedure 54(d). As grounds therefore, the Defendant respectfully states as follows:

1. As Defendant stated in its memorandum in support of its Motion to Dismiss, a litigant gets one day in court, not two. (Dkt. 17 at 1.) Plaintiff attempted to violate this foundational principle by bringing claims that had already been brought by its insured and resolved by a court of competent jurisdiction. Plaintiff and its counsel initiated and pursued[1] these proceedings anyway and then fought to expand them by seeking to stave off a dispositive motion with a fruitless request for extended discovery. This is the definition of a frivolous, harassing lawsuit. The Court

[1] Before removing the case, Defendant's counsel contacted counsel for WFG, apprised him of the Tennessee action, and encouraged him, because of the res judicata bar, to discontinue the action.

should therefore award Defendant its attorney's fees, expenses, and costs incurred in successfully rebuffing the Plaintiff's claims.

2. Federal Rule of Civil Procedure 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 provides "a strong presumption that the prevailing party will be awarded costs." *E.g.*, ***Yellow Pages Photos Inc. v. Ziplocal LP***, 846 F.3d 1159, 1166 (11th Cir. 2017). Here, because all of Plaintiff's claims were dismissed pursuant to Rule 12(b)(6) on res judicata grounds, the Defendant is unquestionably the prevailing party. *See, e.g.*, ***Beach Blitz Co. v. City of Miami Beach, Fla.***, 13 F.4th 1289, 1297–98 (11th Cir. 2021) (finding "little difficulty concluding" that defendant was the prevailing party upon successful Rule 12(b)(6) motion). Therefore, the Court should award all taxable costs—which have been enumerated on the contemporaneously filed Bill of Costs—to the Defendant.

3. Taxable costs include those identified by Congress in 28 U.S.C. § 1920. ***Yellow Pages***, 846 F.3d at 1166. Defendant has incurred expenses to obtain certified copies of the necessary filings from the previous litigation, most of which were attached as exhibits to its Motion to Dismiss. Such expenses are recoverable pursuant to 28 U.S.C. § 1920(4). *E.g.*, ***Bumpers v. Austal U.S.A. LLC***, No. 08-00155-KD-N, 2015 WL 6870122, at *12–13 (S.D. Ala. Nov. 15, 2015); ***Cont'l Pac. LLC v. DuBuclet***, No. 22-00102-HG-KJM, 2022 WL 3328595, at *2 (D. Haw. July 15, 2022), *report and rec. adopted as modified*, 2022 WL 3311511 (D. Haw. Aug. 11, 2022). The Defendant also paid the filing fees necessary to effect removal; "[c]osts of removal are

unquestionably "fees of the clerk and marshal," recoverable under Section 1920(1). ***New Covenant Church Inc. v. Futch***, No. 2:19-cv-40, 2021 WL 12315410, at *2 (S.D. Ga. March 31, 2021) (cleaned up). Therefore, the Court should award Defendant the $532.41 in taxable costs set out on the bill of costs.

4. Additionally, Rule 54 also allows for a claim of attorney's fees and related nontaxable expenses to be made by motion within fourteen days of the entry of the final order. Fed. R. Civ. P. 54(d)(2)(A)–(B).

5. Georgia law authorizes the Cout to assess reasonable and necessary attorney's fees and expenses if "it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or … if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct." Ga. Code Ann. § 9-15-14(b). An action "lack[s] substantial justification" if it was "substantially frivolous, substantially groundless, or substantially vexatious." *Id.*

6. Georgia's fee-shifting statutes qualify as substantive for *Erie* purposes. *E.g.*, ***McMahan v. Toto***, 256 F.3d 1120, 1132 (11th Cir. 2001). And it applies here, even though Georgia law did not supply the rule of decision on the merits, because federal courts "sitting in diversity borrows the forum State's choice-of-law rules." ***Cassirer v. Thyssen-Bornemisza Collection Found.***, 596 U.S. 107, 115 (2022). Georgia's rules on that topic require its courts to apply Georgia's own law on remedial matters, even when another state's law supplies the substantive rule of decision. *E.g.*, ***Lendr.Online LLC v. Copeland***, 926 S.E.2d 87, 89 (Ga. Ct. App. 2026); *see also* ***Simon v. Shearson Lehman Bros.***, 895 F.2d 1304, 1320 (11th Cir. 1990). This

principle encompasses fee-shifting statutes. *E.g.*, ***Wells Fargo Bank N.A. v. Lincoln Ben. Life Co.***, No. 1:13-cv-2890, 2014 WL 5382551, at *2 (N.D. Ga. Oct. 22, 2014) (discussing Ga. Code Ann. § 13-6-11). Georgia courts have held Section 9-15-14 carries a remedial purpose, being "intended not only to sanction or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with abusive litigation." ***Connolly v. Smock***, 791 S.E.2d 853, 856 (Ga. Ct. App. 2016). This Court may thus apply it in this diversity case.

7. The Northern District of Georgia has repeatedly held Section 9-15-14(b) (though not Section 9-15-14(a)) applicable to diversity litigation in federal courts. *E.g.*, ***Litsky v. GI Apparel Inc.***, No. 1:03-cv-0701, 2007 WL 9701365, at *2–3 (N.D. Ga. Feb. 23, 2007); ***Credo Tax Servs. LLC v. N. Ga. Accounting Consultants Inc.***, No. 2:20-cv-027, 2022 WL 2823578, at *2 (N.D. Ga. June 22, 2022). This decision comports with Georgia's straightforward approach to statutory interpretation, because the Georgia legislature employed language in subsection (a), but not subsection (b), expressly limiting its scope to state courts. *See* ***Berryhill v. Ga. Cmty. Support and Sols. Inc.***, 638 S.E.2d 278, 281 (Ga. 2006) ("Where … the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.").

8. Here, Plaintiff brought a contract action via subrogation, but its subrogor had already initiated and resolved litigation against the Defendant on the same contract, and a final judgment was entered in that action in a Tennessee court. For all the reasons discussed in the Court's well-reasoned final order (*see* Dkt. 47), the

claim-preclusion effect of the Tennessee judgment clearly barred this case, which had no reasonable chance of success. Plaintiff did not even construct a defense in response to Defendant's preclusion argument, merely waiving it aside by reference to different principles under a different state's law. (*See* Dkt. 19 at 4–5; *see also* Dkt. 38 at 4–5.)

9. Nor was the issue particularly close. As the Court correctly noted, Tennessee law—made applicable through the Full Faith and Credit Act—requires proof of four elements to establish a res judicata defense. (Dkt. 47 at 8–9.) The first element was undisputed. (*Id.* at 9.) With respect to the second element, Plaintiff only made an equitable argument rooted in Georgia law to get around the "impossib[ility] of disputing the second element, into which Georgia law does not even factor. (*Id.* at 9–11.) The Court found that the third element was satisfied based on the plain language of the pleadings at issue. (*Id.* at 11.) And the fourth element was likewise readily established. (*Id.* at 11–12.)

10. Furthermore, Plaintiff multiplied the proceedings. In response to Defendant's Motion to Dismiss, Plaintiff argued that the motion should be treated as one for summary judgment (Dkt. 19 at 3–4), necessitating that Defendant prepare a Rule 56.1 statement of facts as well as a declaration supporting the converted summary judgment motion. (Dkts. 34–35.) Plaintiff then filed a motion seeking additional time for discovery under Rule 56(d), claiming a need to discover primarily matters already within its own knowledge. (Dkt. 36.) And while it became moot, the effort was bootless from the start, given the speculative, incompetent testimony on which it relied. (*See* Dkt. 41 ¶¶ 12–14.)

11. Therefore, because Plaintiff lacked any substantial justification for asserting its claims as well as any legitimate grounds for prolonging their dismissal, the Court should assess Defendant's reasonable attorney's fees and expenses against Plaintiff. *See* ***Vereen v. Deutsche Bank Nat'l Trust Co.***, 676 S.E.2d 227, 231 (Ga. 2009) (affirming award of attorney's fees under Section 9-15-14(a) and (b) upon dismissal on res judicata grounds); ***Smith v. Gwinnet Cnty.***, 568 S.E.2d 712, 714 (Ga. Ct. App. 2002) (same).[2]

12. "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The product of these two figures is the lodestar, and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." ***Bivins v. Wrap It Up Inc.***, 548 F.3d 1348, 1350 (11th Cir. 2008) (cleaned up). Courts may also consider the eight factors outlined in Georgia Rule of Professional Conduct 1.5.[3]

---

[2] Subsection (a) is more demanding than subsection (b), requiring "a complete absence of any justiciable issue of law or fact [such] that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Ga. Code Ann. § 9-15-14(a).

[3] Those factors include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Ga. R. Prof'l Conduct 1.5(a).

Consideration of such factors is not required, however, because the lodestar analysis subsumes them. *See* ***In re Home Depot Inc.***, 931 F.3d 1065, 1091 (11th Cir. 2019).

13. Here, Defendant's lead counsel spent a combined 183 hours in responding to the claims asserted by the Plaintiff in this action. (*See* Krog Dec. Ex. 1.) An attorney and paralegal at Seyfarth Shaw, acting as local counsel, spent an additional 94.5 hours on the initial stages of the case. (*See* Krog Dec. Ex. 2 at 9–10.) Mr. Krog's hourly rate during this course of this representation was $450 in 2024 and has been $475 since, while Mr. Swartz's—who billed less than an hour—was $700. (3d Krog Dec. ¶ 12, Ex. 1.) Defendant also employed associates to assist with performing legal research and drafting filings in order to defray costs. (3d Krog Dec. ¶ 17.) Almost all of the work at Seyfarth Shaw was performed by a paralegal, for the same reason.[4]

14. The applicable rates are all reasonable for attorneys of comparable education, experience, and reputation within their respective markets. (3d Krog Dec. ¶¶ 6–7.) Moreover, as evidenced by the Declaration of Lucas Bradley, the Bulso PLC rates are reasonable for the Southern District of Georgia. (Bradley Dec. ¶ 7.)

15. Defendant was thoroughly successful in this action, obtaining a dismissal for failure to state a claim. The amount at stake was significant, with Plaintiff seeking a judgment of nearly $500,000 plus attorney's fees. (Dkt. 1-1 at 8.) Additionally, while the analysis of the dispositive issue was fairly straightforward, the preparation of the motion to dismiss and supporting memorandum required significant attention to

---

[4] Bulso PLC, the lead counsel firm, also employed paralegals on certain tasks, but to simplify the Court's analysis and in an effort to be conservative, those entries have been omitted from the firm's billing exhibit and no award is sought for fees incurred by Bulso PLC paralegals.

choice-of-law principles and the application of Tennessee, Georgia, and Kanas law with relevant authority cited from each jurisdiction. (3d Krog Dec. ¶ 11.) Further, Defendant's counsel also expended time procuring certified copies of filings in the previous litigation with Plaintiff's subrogor and a second underlying action brought in Georgia. (3d Krog Dec. ¶ 20.) And as stated *supra*, Defendant was forced to exert additional effort on account of Plaintiff's attempts to delay and multiply the proceedings through a Rule 56(d) motion. (*See* 3d Krog Dec. Ex. 1.)

16. Defendant has not sought the inclusion of fees incurred for work performed by Seyfarth Shaw LLP in this matter after the admission of Mr. Krog after September 2024.

17. Defendant has incurred out-of-pocket expenses for legal research, certified copies, and similar matters. (3d Krog Dec. ¶ 5.) All such expenses are in line with market rates for similar services and have not been marked up, and they were necessary for the successful defense against Plaintiff's claims. (3d Krog Dec. ¶¶ 6, 18.)

18. In sum, all the fees requested were reasonably incurred at a reasonable hourly rate, and all the nontaxable expenses defendant has incurred in this action were reasonably necessary as well.

19. For further support, the Defendant relies upon the contemporaneously filed Declarations of Paul J. Krog and Lucas Bradley, together with the contemporaneously filed Bill of Costs.

20. Accordingly, the Court should award Defendant $73,023.52[5] in reasonable attorney's fees, expenses, and costs incurred in responding to this action.

Respectfully submitted,

James J. Swartz, Jr. (BPR No. 694319)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: 404-885-1500
Facsimile: 404-892-7056
jswartz@seyfarth.com

s/ Paul J. Krog
Paul J. Krog (*pro hac vice*)
BULSO PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
Telephone: 615-913-5191
Facsimile: 615-913-5150
pkrog@bulso.com
*Counsel for Kirkland Financial LLC*

[5] $69,035 in fees incurred by Bulso PLC, $3,583.52 in expenses paid by Bulso PLC (including $1,911 in fees incurred by Seyfarth Shaw), and the $405 filing fee set out on the Bill of Costs. This figure is, with respect to the amounts set out on the Bill of Costs, duplicative, not cumulative.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is being filed through the Court's electronic-case-filing system, which is expected to effect service on the following via electronic means on this day, October 8, 2026:

Kelsey Grodzicki
Winter, Capriola Zenner LLC
3490 Piedmont Road NE
Suite 800
Atlanta, GA 30305
404-844-5673
krgodzicki@wczlaw.com
*Counsel for Plaintiff*

s/ Paul J. Krog
Paul J. Krog