**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **WFG NATIONAL TITLE INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KIRKLAND FINANCIAL LLC,**<br><br>**Defendant.** | **Civil Action No. 1:24-cv-00158-JRH-BKE** |

**THIRD DECLARATION OF PAUL KROG**

Paul Krog declares and states as follows from his own personal knowledge:

1. I am an adult, a member of the bar of the Supreme Court of Tennessee, admitted to this Court *pro hac vice,* and lead counsel for the Defendant, Kirkland Financial LLC ("Kirkland"), in this matter.

2. I have attached hereto as Exhibit 1 a summary of the fees and expenses incurred by my firm in this matter for which the Defendant seeks reimbursement. Exhibit 1 omits time entries made by Bulso PLC paralegals and attorneys for which reimbursement is not sought.

3. As reflected on Exhibit 1, Bulso PLC has so far incurred a total of $69,035.00 in fees and $3,583.52 in litigation expenses for which the Defendant seeks reimbursement. The amount of fees sought is less than the total amount of fees incurred in this action. Of those expenses, only $127.41 are sought as taxable costs under Federal Rule of Civil Procedure 54(d)(1), consisting of the fees charged by the Sumner County Chancery Court and the Georgia Superior Court Clerks' Cooperative

Authority. The $405 filing fee for the notice of removal was also paid in this action, but it was not paid by Bulso PLC.

4. The time entries depicted in Exhibit 1 were made at or near the time of the work performed and made by an individual with personal knowledge of the work or expense and having a business duty to record the same, and were made in the ordinary course of, and as part of the regular practice of, the law firm Bulso PLC. In preparation of the exhibit for filing, I corrected three typographical errors in entries made in 2024 (one mistake concerning a name, one omitting a word, and one misspelling).

5. The expenses listed as such on Exhibit 1 reflect the actual out-of-pocket expenses paid by Bulso PLC, and no markup has been added to them, consistent with ABA Model Rule of Professional Conduct 1.5 comment 1.

6. I am familiar with the legal fees customarily charged by attorneys in my community. The legal services and hourly rates reflected in Exhibit 1 are consistent with those charged by attorneys having similar background, education, experience, and ability. Bulso PLC reasonably and necessarily incurred the out-of-pocket expenses listed on Exhibit 1 and billed the Defendant for those amounts. The charges incurred for out-of-pocket expenses were in line with those commonly incurred in middle Tennessee for similar services.

7. I have also, throughout my career, worked with attorneys at national and international law firms comparable to Seyfarth Shaw LLP, such as Latham & Watkins LLP and Gibson, Dunn & Crutcher LLP, including in proceedings for the

awarding of attorney's fees to lawyers at those firms. The rates charged by Seyfarth Shaw LLP are at or below the rates charged by experienced lawyers and paralegals at other large international law firms and in line with rates charged for comparable work by large national and regional firms in Nashville.

8. The time spent by Bulso PLC attorneys in this matter was reasonable, and the work at issue was necessarily performed for the defense of the case.

9. The total fee sought is reasonable because it is the lodestar amount based on a reasonable expenditure of time at reasonable rates.

10. Moreover, in concluding that the fees and expenses incurred were reasonable, I have considered the factors listed in Georgia Rule of Professional Conduct 1.5, including (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

11. This action concerned a subrogation claim on a warranty originally made to Kirkland's predecessor-in-interest and insured by Plaintiff. Though the issue that proved dispositive (claim preclusion under Tennessee law) was neither particularly

novel nor difficult in isolation, I determined that there were multiple viable arguments available to achieve a dismissal based on the pleadings which should be included as a matter of prudence, and significant effort was spent navigating the applicable choice-of-law provisions and principles that were necessary to address in order to mount a full defense. While the law of claim preclusion in Tennessee is theoretically straightforward, ensuring that it could be applied in this context required additional research. Georgia law governed the policy that Plaintiff insured as well as other remedial issues. And Kansas law governed the contract upon which the Plaintiff's claims were founded. Georgia law concerning subrogation claims and Kansas law concerning analogous conditions precedent presented considerably more complex issues with comparatively less authority that was directly on-point.

12. The time and labor required to research sufficient authority under Tennessee, Georgia, and Kansas law as well as that required to respond Plaintiff's various motions and filings weighs in favor of the fees and expenses sought under factor 1, as most of them were incurred in that effort. Factor 2 is not relevant, as the case did not preclude other employment by counsel. Factor 3 supports an award of the fees and expenses sought because the fees charged by counsel are in line with those customarily charged in my community and, (as to the Bulso PLC attorneys and according to Mr. Bradley) within the Southern District of Georgia. Factor 4 supports the requested award because Kirkland successfully rebuffed Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and those claims involved a significant potential liability: Plaintiff sought an award of $484,400 plus attorney's fees. Factor 5 is not

relevant, as there were no particular time limitations. Factor 6 weighs in favor of finding that the fees requested in Exhibit 1 are reasonable, as counsel previously represented Kirkland in the litigation initiated by Plaintiff's subrogor and previously represented a Kirkland affiliate in an unrelated Tennessee action filed against them in 2021. Bulso PLC's work in the action by the subrogor generated efficiencies by reducing the amount of time necessary for counsel to become familiar with the pertinent facts and issues. Factor 7 supports the award for the reasons set forth below. With respect to factor 8, Bulso PLC did not enter into a separate written engagement letter with Kirkland for this matter but operated under the terms of the engagement letter under which Kirkland's wholly owned subsidiary was represented in the prior Tennessee action. That agreement called for work to be billed at Bulso PLC's hourly rates in effect from time to time. The hourly rates set forth on Exhibit 1 were at or less than Bulso PLC's standard hourly rates in effect at the times in question.

13. I have continuously held a good-standing license to practice law in the State of Tennessee from 2010 to the present following my graduation, *magna cum laude*, from the University of Notre Dame Law School. I am also admitted to the United States District Courts for the Middle, Western, and Eastern Districts of Tennessee as well as the United States Courts of Appeals for the Second, Third, Fifth, Sixth, and Eleventh Circuits. I have practiced law full time in Middle Tennessee since obtaining my law license and have focused almost exclusively on civil litigation. I worked from August 2010 to November 2020 as an attorney with Leader, Bulso & Nolan PLC, later known as Leader & Bulso PLC. Following my departure from

Leader & Bulso PLC, I have been a member of Bulso PLC. In the course of my roughly sixteen years practicing law, I have represented clients before state and federal trial and appellate courts throughout and beyond Tennessee. In August and September 2021, I was one of two attorneys representing the plaintiff in a multiweek jury trial in Davidson County Chancery Court in *Nissan North America Inc. v. West Covina LLC*, an action that resulted in a final judgment in the plaintiff's favor in excess of $126 million, including over $2.6 million in attorney's fees (a number decreased by arrangements pursuant to which we charged less than our standard rates for work in that case). My work during the trial of that case included analysis and argument on pivotal, disputed evidentiary questions. I later briefed and argued *Miller v. Brightstar Asia Ltd.*, 43 F.4th 112 (2d Cir. 2022), securing reversal of the Southern District of New York on an issue of Delaware law concerning a shareholders' agreement. More recently, I was lead appellate counsel for certain appellants, and sole arguing counsel for appellants, in *Brewer v. Metropolitan Government*, No. M2024-1139, 2026 WL 296584 (Tenn. Ct. App. Feb. 4, 2026), in which the Court of Appeals reversed on an array of issues concerning the Tennessee Public Records Act. I have argued multiple cases before the Tennessee Supreme Court and have worked other cases, in a variety of capacities, before Bankruptcy, District, Circuit, Chancery, and General Sessions courts throughout Tennessee as well as in cases in Wisconsin, Illinois, North Carolina, Kentucky, California, and Alabama.

14. I have authored pieces on legal topics appearing in the *Tennessee Bar Journal* and *University of Memphis Law Review*. Since 2021 I have been a CLE presenter

at events sponsored by the Tennessee Bar Association, Nashville Bar Association, and Nashville chapter of the Federalist Society for Law and Public Policy.

15. Mr. Nicholas Tsiouvaras, an associate attorney at Bulso PLC, has assisted me in this matter. Mr. Tsiouvaras has been licensed to practice law in Tennessee since 2021 and is admitted before the United States District Courts for the Middle District of Tennessee. He graduated from Pepperdine Caruso School of Law, *cum laude*, in 2021. I am familiar both with Mr. Tsiouvaras's work experience and with his work on this case on behalf of Kirkland.

16. Mr. Nicholas Bartlett, also an associate attorney at Bulso PLC, has assisted me in this matter as well. Mr. Bartlett has been licensed to practice law in Tennessee since 2024 following his graduation from Vanderbilt University Law School, and he, too, is admitted before the United States District Courts for the Middle District of Tennessee. He previously graduated as the salutatorian of Dartmouth College in 2021. I am familiar both with Mr. Bartlett's work experience and with his work on this case on behalf of Kirkland.

17. My firm employed Mr. Bartlett and Mr. Tsiouvaras in this matter to perform certain research and drafting tasks in order to minimize expense.

18. Bulso PLC customarily passes on to clients costs incurred working on their cases using computer-research tools. The firm subscribes to Westlaw, and the bills received from Westlaw reflect usage by client and matter numbers, which Bulso PLC attorneys and paralegals with Westlaw credentials enter when logging onto the service. These prorated charges are passed on to clients without markup, and our

standard engagement letter (including the engagement letter referred to above) reflects that legal-research charges will be billed to clients.

19. I have attached hereto as Exhibit 2 true and accurate copies (though in some instances marked with our client-matter number for internal tracking purposes) of invoices received, paid, and maintained by my office in connection with this matter. Exhibit 2 also includes one check, issued for a certificate of good standing, for which there is no corresponding invoice.

20. The charges from the Georgia Superior Court Clerks' Cooperative Authority incurred in September 2024 were incurred in connection with the procurement of certified copies of documents from the underlying Georgia action attached to Kirkland's Motion to Dismiss as Exhibits 4–8. Those charges were billed to Kirkland together, totaling $31.31. The amounts ($76.00) charged by the Sumner County Chancery Court were for certified copies of the documents from the underlying case brought in Tennessee by WFG's subrogor.

21. The invoice from Road Runner Delivery dated September 25, 2024, is for delivery services rendered in connection with the procurement of a Certificate of Good Standing from the United States District Courts for the Middle District of Tennessee for filing with my application for admission *pro hac vice* before this Court.

22. The invoice from Seyfarth Shaw LLP concerns professional services rendered in securing removal of this action to this Court. Pursuant to an agreed-upon arrangement, Seyfarth invoiced Bulso PLC for such services, who paid Seyfarth directly and then was reimbursed by Kirkland.

23. The charges from the Georgia Superior Court Clerks' Cooperative Authority incurred in October 2025 concerned documents which I reviewed upon the conversion of Kirkland's Motion to Dismiss to a motion for summary judgment. Those charges were billed to Kirkland together, totaling $20.10. I obtained those documents in the reasonable belief that they would be necessary for use in the case and in connection with the Motion for Summary Judgment, though I ultimately decided not to file them at that time.

24. In August 2024 I exchange emails and telephone calls with Mr. Grodzicki, counsel for the Plaintiff. I informed him of the Tennessee action and asked him to dismiss this action on the basis, inter alia, that it would be barred by Tennessee's law of res judicata. Mr. Grodzicki subsequently informed me that Plaintiff declined to discontinue its action against Kirkland.

I affirm and declare under penalty of perjury that the foregoing statements are true, on this day, October 8, 2026.

s/ Paul J. Krog
Paul J. Krog

Respectfully submitted,

James J. Swartz, Jr. (BPR No. 694319)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: 404-885-1500
Facsimile: 404-892-7056
jswartz@seyfarth.com

s/ Paul J. Krog
Paul J. Krog (*pro hac vice*)
BULSO PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
Telephone: 615-913-5191
Facsimile: 615-913-5150
pkrog@bulso.com
*Counsel for Kirkland Financial LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed through the Court's electronic-case-filing system, which is expected to effect service on the following via electronic means on this day, October 8, 2026:

Kelsey Grodzicki
Winter, Capriola Zenner LLC
3490 Piedmont Road NE
Suite 800
Atlanta, GA 30305
404-844-5673
krgodzicki@wczlaw.com
*Counsel for Plaintiff*

s/ Paul J. Krog
Paul J. Krog