APPEAL,CLOSED,DISCSTAY,JRH−REF

# U.S. District Court
# Southern District of Georgia (Augusta)
# CIVIL DOCKET FOR CASE #: 1:24−cv−00158−JRH

WFG National Title Insurance Company v. Kirkland Financial, LLC
Assigned to: District Judge J. Randal Hall
Demand: $484,000
Case in other court: Superior Court of Richmond County, 2024RCCV00560
Cause: 28:1332 Diversity of citizenship

Date Filed: 09/05/2024
Date Terminated: 09/24/2026
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**WFH National Title Insurance Company**
*TERMINATED: 09/16/2024*

represented by **Joseph Kelsey Grodzicki**
Winter Capriola Zenner LLC
3490 Piedmont Road NE
Suite 800
30305
Atlanta, GA 30305
404−844−5673
Email: kgrodzicki@wczlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WFG National Title Insurance Company**
*TERMINATED: 09/24/2026*

represented by **Joseph Kelsey Grodzicki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kirkland Financial, LLC**
*TERMINATED: 09/24/2026*

represented by **James J. Swartz , Jr.**
Seyfarth Shaw, LLP − ATL
1075 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309−3962
404−704−9656
Fax: 404−724−1590
Email: jswartz@seyfarth.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Krog**
Bulso Plc
155 Franklin Road

Suite 400
Brentwood, TN 37027
615−913−5130
Fax: 615−913−5150
Email: pkrog@bulso.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/05/2024 | 1 | NOTICE OF REMOVAL by Kirkland Financial, LLC from Superior Court of Richmond County, case number 2024RCCV00560. (Filing fee received, $405.00, Receipt #AGASDC−3895650.) (Attachments: # 1 Exhibit A − State Court Filings: Summons; Case Filing Information Form; Standing Order for Mediation in Civil Cases; Complaint for Breach of Contract and Other Relief with Exhibit A−Purchase Money Deed to Secure Debt Short Term Balloon, Waiver and Acknowledgment of Borrowers Rights, 1−4 Family Rider Assignment of Rents with Ex. A−Legal Description; Exhibit B−U.S. HUD Settlement Statement, Acknowledgment and Receipt of Settlement Statement; Exhibit C−Mortgage Loan Purchase and Interim Servicing Agreement with Ex. A−Mortgage Loan Schedule, Ex. B−Mortgage Loan Documents, Ex. C−Funding Schedule, Ex. D−Letter of Intent; and Exhibit D−Letter re Transfer and Assignment of Security Deed, Peak Asset Management, LLC; Affidavit of Service; Stipulation Extending Time to Answer; # 2 Exhibit B − Notice of Filing Notice of Removal)(gmh) (Entered: 09/06/2024) |
| 09/06/2024 | 2 | NOTICE of Filing Deficiency re 1 Notice of Removal. No Civil Cover Sheet attached. After 14 days of noncompliance, a notice will be submitted to a judicial officer for possible sanctions, to include dismissal. (Attachments: # 1 Civil Cover Sheet form) (gmh) (Entered: 09/06/2024) |
| 09/06/2024 | 3 | RULE 26(f) ORDER. Signed by Magistrate Judge Brian K. Epps on 9/6/2024. (gmh) (Entered: 09/06/2024) |
| 09/06/2024 | 4 | REMOVAL NOTICE TO ALL COUNSEL OF RECORD re 1 Notice of Removal. Kirkland Financial, LLC answer due 9/12/2024. Notices to Appear/Motions to Appear Pro Hac Vice due by 9/16/2024. Previously−filed state court Motions due by 9/20/2024. (gmh) (Entered: 09/06/2024) |
| 09/06/2024 | 5 | MOTION for Leave to Appear Pro Hac Vice *on behalf of Petitioner Paul Krog* Receipt Number AGASDC−3896496, Fee Amount $200, by Kirkland Financial, LLC. Responses due by 9/20/2024. (Swartz, James) (Entered: 09/06/2024) |
| 09/06/2024 | 6 | NOTICE of Filing re 5 MOTION for Leave to Appear Pro Hac Vice *on behalf of Petitioner Paul Krog. After 2 days a notice of noncompliance will be submitted to a judicial officer. Compliance due by 9/8/2024. (thb) (Entered: 09/06/2024)* |
| 09/06/2024 | 7 | NOTICE of Filing by Kirkland Financial, LLC re 1 Notice of Removal,,,, *Civil Cover Sheet* (Swartz, James) (Entered: 09/06/2024) |
| 09/06/2024 | 8 | NOTICE of Filing by Kirkland Financial, LLC re 5 MOTION for Leave to Appear Pro Hac Vice *on behalf of Petitioner Paul Krog* Receipt Number AGASDC−3896496, Fee Amount $200, (Swartz, James) (Entered: 09/06/2024) |
| 09/06/2024 | 9 | |

| | | |
|---|---|---|
| | | NOTICE of Filing by Kirkland Financial, LLC re 5 MOTION for Leave to Appear Pro Hac Vice *on behalf of Petitioner Paul Krog* Receipt Number AGASDC−3896496, Fee Amount $200, (Swartz, James) (Entered: 09/06/2024) |
| 09/06/2024 | | MOTIONS REFERRED: 5 MOTION for Leave to Appear Pro Hac Vice *on behalf of Petitioner Paul Krog* Receipt Number AGASDC−3896496, Fee Amount $200 (thb) (Entered: 09/06/2024) |
| 09/06/2024 | 10 | ORDER granting re 5 Motion for Leave to Appear Pro Hac Vice for Paul Krog. Signed by Magistrate Judge Brian K. Epps on 9/6/24. (loh) (Entered: 09/06/2024) |
| 09/10/2024 | 11 | NOTICE of Appearance by Joseph Kelsey Grodzicki on behalf of WFH National Title Insurance Company (Grodzicki, Joseph) (Entered: 09/10/2024) |
| 09/11/2024 | 12 | Consent MOTION for Clerk's Extension of Time to File Answer *to Plaintiff's Complaint* by Kirkland Financial, LLC. Responses due by 9/25/2024. (Attachments: # 1 Text of Proposed Order)(Swartz, James) Modified on 9/11/2024 (csr). (Entered: 09/11/2024) |
| 09/11/2024 | 13 | ORDER granting 12 Motion for Clerk's Extension of Time (LR 6.1). Defendant's deadline to answer or otherwise respond to Plaintiffs Complaint is extended through and including, September 26, 2024. Signed by Deputy Clerk on 9/11/2024. (csr) (Entered: 09/11/2024) |
| 09/11/2024 | | Set/Reset Deadlines: Kirkland Financial, LLC answer due 9/26/2024. (csr) (Entered: 09/11/2024) |
| 09/12/2024 | 14 | Consent MOTION to Amend/Correct *Case Style* by WFH National Title Insurance Company. Responses due by 9/26/2024. (Attachments: # 1 Exhibit Proposed Order)(Grodzicki, Joseph) (Entered: 09/12/2024) |
| 09/13/2024 | | MOTIONS REFERRED: 14 Consent MOTION to Amend/Correct *Case Style. (csr) (Entered: 09/13/2024)* |
| 09/16/2024 | 15 | ORDER granting 14 Motion to Amend/Correct Plaintiff's Name. Signed by Magistrate Judge Brian K. Epps on 9/16/2024. (amd) (Entered: 09/16/2024) |
| 09/25/2024 | 16 | MOTION to Dismiss *under Rule 12(b)(6)* by Kirkland Financial, LLC. Responses due by 10/9/2024. (Attachments: # 1 Exhibit Ex. 1 − Policy, # 2 Exhibit Ex. 2 − Tennessee Complaint, # 3 Exhibit Ex. 3 − Tennessee Judgment, # 4 Exhibit Ex. 4 − DeKalb County Complaint, # 5 Exhibit Ex.5 − DeKalb County Return on Service, # 6 Exhibit Ex. 6 − DeKalb County Summary Judgment Motion, # 7 Exhibit Ex. 7 − DeKalb County Summary Judgment Response, # 8 Exhibit Ex. 8 − DeKalb County Summary Judgment Order)(Krog, Paul) (Entered: 09/25/2024) |
| 09/25/2024 | 17 | BRIEF re 16 MOTION to Dismiss *under Rule 12(b)(6)* by Kirkland Financial, LLC. (Krog, Paul) (Entered: 09/25/2024) |
| 09/25/2024 | 18 | Corporate Disclosure Statement (LR 7.1.1) by Kirkland Financial, LLC. (Swartz, James) (Entered: 09/25/2024) |
| 10/09/2024 | 19 | RESPONSE in Opposition re 16 MOTION to Dismiss *under Rule 12(b)(6)* filed by WFG National Title Insurance Company. (Grodzicki, Joseph) (Entered: 10/09/2024) |
| 10/10/2024 | 20 | NOTICE of Intent *to Reply* by Kirkland Financial, LLC re 16 MOTION to Dismiss *under Rule 12(b)(6)*, 19 Response in Opposition to Motion. (Krog, Paul) (Entered: 10/10/2024) |

| | | |
|---|---|---|
| 10/15/2024 | 21 | Corporate Disclosure Statement (LR 7.1.1) by WFG National Title Insurance Company. (Grodzicki, Joseph) (Entered: 10/15/2024) |
| 10/16/2024 | 22 | REPORT of Rule 26(f) Planning Meeting. (Grodzicki, Joseph) (Entered: 10/16/2024) |
| 10/16/2024 | | MOTIONS REFERRED: 22 REPORT of Rule 26(f) Planning Meeting. (csr) (Entered: 10/16/2024) |
| 10/17/2024 | 23 | ORDER staying all discovery pending a ruling by the presiding District Judge on Defendants motion to dismiss. Should any portion of the case remain after resolution of the motion to dismiss, the parties shall confer and submit a new Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judges ruling. Signed by Magistrate Judge Brian K. Epps on October 17, 2024. (jrb) (Entered: 10/17/2024) |
| 10/24/2024 | 24 | REPLY to Response to Motion re 16 MOTION to Dismiss *under Rule 12(b)(6)* filed by Kirkland Financial, LLC. (Krog, Paul) (Entered: 10/24/2024) |
| 10/24/2024 | 25 | MOTION for Extension of Time to File Response/Reply as to 24 Reply to Response to Motion by Kirkland Financial, LLC. Responses due by 11/7/2024. (Krog, Paul) (Entered: 10/24/2024) |
| 10/24/2024 | 26 | DECLARATION re 25 MOTION for Extension of Time to File Response/Reply as to 24 Reply to Response to Motion by Kirkland Financial, LLC. (Krog, Paul) (Entered: 10/24/2024) |
| 11/26/2024 | 27 | AFFIDAVIT re 25 MOTION for Extension of Time to File Response/Reply as to 24 Reply to Response to Motion by Kirkland Financial, LLC. (Krog, Paul) (Entered: 11/26/2024) |
| 11/26/2024 | 28 | ORDER granting 25 Motion for Extension of Time and accepts Defendant's 24 Reply Brief filed on October 24, 2024. Signed by District Judge J. Randal Hall on 11/26/2024. (jlh) (Entered: 11/26/2024) |
| 09/26/2025 | 29 | VACATED. (*See* 47 Order.) ORDER terminating as moot Kirkland's 16 Motion to Dismiss and converting it into a motion for summary judgment. Signed by District Judge J. Randal Hall on 9/26/2025. (gmh) Modified on 9/24/2026 (jlh). (Entered: 09/26/2025) |
| 09/26/2025 | 30 | MOTION for Summary Judgment by Kirkland Financial, LLC. Responses due by 10/17/2025. (Attachments: # 1 Exhibit 1 − Policy, # 2 Exhibit 2 − Tennessee Complaint, # 3 Exhibit 3 − Tennesse Judgment, # 4 Exhibit 4 − DeKalb County Complaint, # 5 Exhibit 5 − DeKalb County Return on Service, # 6 Exhibit 6 − DeKalb County Summary Judgment Motion, # 7 Exhibit 7 − DeKalb County Summary Judgment Response, # 8 Exhibit 8 − DeKalb County Summary Judgment Order) (gmh) (Entered: 09/26/2025) |
| 09/26/2025 | 31 | NOTICE issued re: 30 MOTION for Summary Judgment by Kirkland Financial, LLC. Responses due by 10/17/2025. (Attachments: # 1 Exhibit 1 − Policy, # 2 Exhibit 2 − Tennessee Complaint, # 3 Exhibit 3 − Tennesse Judgment, # 4 Exhibit 4 − DeKalb County Complaint, # 5 Exhibit 5 − DeKalb County Return on Service, # 6 Exhibit 6 − DeKalb County Summary Judgment Motion, # 7 Exhibit 7 − DeKalb County Summary Judgment Response, # 8 Exhibit 8 − DeKalb County Summary Judgment Order) (gmh) (Entered: 09/26/2025) |
| 10/08/2025 | 32 | |

| | | |
|---|---|---|
| | | Consent MOTION for Extension of Time to October 31, 2025 *to File its Opposition to Defendant MSJ*, by WFG National Title Insurance Company. Responses due by 10/22/2025. (Attachments: # 1 Exhibit Proposed Clerk's Order Extending Time)(Grodzicki, Joseph) (Entered: 10/08/2025) |
| 10/08/2025 | 33 | ORDER granting 32 Motion for Extension of Time. Signed by Deputy Clerk on 10/8/2025. (jsh) (Entered: 10/08/2025) |
| 10/08/2025 | | Set/Reset Deadlines: Response to MSJ due by 10/31/2025. (jsh) (Entered: 10/08/2025) |
| 10/14/2025 | 34 | Statement of Material Facts re 30 MOTION for Summary Judgment by Kirkland Financial, LLC. (Krog, Paul) (Entered: 10/14/2025) |
| 10/24/2025 | 35 | DECLARATION re 30 MOTION for Summary Judgment *Declaration of Mason Head* by Kirkland Financial, LLC. (Krog, Paul) (Entered: 10/24/2025) |
| 10/31/2025 | 36 | MOTION for Extension of Time to Complete Discovery *pursuant to Fed. R. Civ. P. 56(d)* by WFG National Title Insurance Company. Responses due by 11/14/2025. (Grodzicki, Joseph) (Entered: 10/31/2025) |
| 10/31/2025 | 37 | MOTION to Strike 34 Statement of Material Facts by WFG National Title Insurance Company. Responses due by 11/14/2025. (Grodzicki, Joseph) (Entered: 10/31/2025) |
| 10/31/2025 | 38 | RESPONSE in Opposition re 30 MOTION for Summary Judgment filed by WFG National Title Insurance Company. (Grodzicki, Joseph) (Entered: 10/31/2025) |
| 10/31/2025 | 39 | RESPONSE to 34 Statement of Material Facts filed by Kirkland Financial, LLC filed by WFG National Title Insurance Company. (Grodzicki, Joseph) (Entered: 10/31/2025) |
| 11/14/2025 | 40 | RESPONSE re 37 MOTION to Strike and 29 Order on Motion to Dismiss by Kirkland Financial, LLC. Responses due by 11/28/2025. (Krog, Paul) Modified on 11/17/2025 (jsh). (Entered: 11/14/2025) |
| 11/14/2025 | 41 | RESPONSE in Opposition re 36 MOTION for Extension of Time to Complete Discovery *pursuant to Fed. R. Civ. P. 56(d)* filed by Kirkland Financial, LLC. (Krog, Paul) (Entered: 11/14/2025) |
| 11/14/2025 | 42 | REPLY to Response to Motion re 30 MOTION for Summary Judgment filed by Kirkland Financial, LLC. (Krog, Paul) (Entered: 11/14/2025) |
| 11/20/2025 | 43 | NOTICE of Intent *To File a Reply Brief* by WFG National Title Insurance Company re 41 Response in Opposition to Motion, 36 MOTION for Extension of Time to Complete Discovery *pursuant to Fed. R. Civ. P. 56(d)*. (Grodzicki, Joseph) (Entered: 11/20/2025) |
| 11/26/2025 | 44 | REPLY to Response to Motion re 36 MOTION for Extension of Time to Complete Discovery *pursuant to Fed. R. Civ. P. 56(d)* filed by WFG National Title Insurance Company. (Grodzicki, Joseph) (Entered: 11/26/2025) |
| 11/26/2025 | 45 | REPLY to Response to 40 MOTION for Reconsideration re 37 MOTION to Strike 34 Statement of Material Facts , 29 Order on Motion to Dismiss *and Response to Motion to Strike* filed by Kirkland Financial, LLC filed by WFG National Title Insurance Company. (Grodzicki, Joseph) Modified on 11/26/2025 (jsh). (Entered: 11/26/2025) |
| 08/11/2026 | | Pursuant to the Order in re Magistrate Judge Assignments, signed by Chief Judge Baker on August 10, 2026 (4:16mc1000 doc 7), this case has been reassigned. (pts) (Entered: 08/11/2026) |

| | | |
|---|---|---|
| 09/14/2026 | 46 | NOTICE by Kirkland Financial, LLC re 30 MOTION for Summary Judgment *Notice of Filing Supplemental Authority* (Attachments: # 1 Supplement Peden v. Stephens, # 2 Supplement Guasto v. City of Miami Beach)(Krog, Paul) (Entered: 09/14/2026) |
| 09/24/2026 | 47 | ORDER finding as moot 30 , 36 , and 37 Motions; granting Kirkland's 40 request to vacate the Court's 29 Order; reopening the originally filed 16 Motion to Dismiss, taking judicial notice and of the complaint and judgment, and granting the 16 Motion to Dismiss, finding WFG's claims against Kirkland are barred by res judicata; and directing the Clerk to terminate all pending motions and deadlines and closing this case. Signed by District Judge J. Randal Hall on 09/24/2026. (jlh) (Entered: 09/24/2026) |
| 09/24/2026 | 48 | CLERK'S JUDGMENT. Signed by Deputy Clerk on 09/24/2026. (jlh) (Entered: 09/24/2026) |
| 10/08/2026 | 49 | BILL OF COSTS by Kirkland Financial, LLC. (Attachments: # 1 Exhibit Supporting Documentation)(Krog, Paul) (Entered: 10/08/2026) |
| 10/08/2026 | 50 | MOTION for Attorney Fees *Expenses, and Costs* by Kirkland Financial, LLC. Responses due by 10/22/2026. (Krog, Paul) (Entered: 10/08/2026) |
| 10/08/2026 | 51 | DECLARATION re 50 MOTION for Attorney Fees *Expenses, and Costs (3d Declaration of Paul Krog)* by Kirkland Financial, LLC. (Attachments: # 1 Exhibit Billing Summary, # 2 Exhibit Collected Invoices, Receipts, Checks)(Krog, Paul) (Entered: 10/08/2026) |
| 10/08/2026 | 52 | DECLARATION re 50 MOTION for Attorney Fees *Expenses, and Costs (Declaration of Lucas Bradley)* by Kirkland Financial, LLC. (Krog, Paul) (Entered: 10/08/2026) |
| 10/09/2026 | | Set/Reset Deadlines: Compliance due by 10/22/2026 re 49 Bill of Costs. (thb) (Entered: 10/09/2026) |
| 10/21/2026 | 53 | Consent MOTION for Extension of Time to File Response/Reply as to 50 MOTION for Attorney Fees *Expenses, and Costs* by WFG National Title Insurance Company. Responses due by 11/4/2026. (Grodzicki, Joseph) (Entered: 10/21/2026) |
| 10/21/2026 | 54 | ORDER granting consent 53 Motion for Clerk's Extension of Time to File Response/Reply re 50 MOTION for Attorney Fees *Expenses, and Costs.* (Responses due by 11/5/2026.) Signed by Deputy Clerk on 10/21/2026. (jsh) (Entered: 10/21/2026) |
| 10/23/2026 | 55 | Costs Taxed in amount of $532.41 against WFG National Title Insurance Company. (thb) (Entered: 10/23/2026) |
| 10/26/2026 | 56 | NOTICE OF APPEAL as to 48 Clerk's Judgment, 47 Order on Motion for Summary Judgment,,, Order on Motion for Extension of Time to Complete Discovery,,, Order on Motion to Strike,,, Order on Motion to Dismiss,, by WFG National Title Insurance Company. Filing fee $ 605. (Attachments: # 1 Exhibit Doc 47 − Order, # 2 Exhibit Doc 48 − Clerk's Judgment)(Grodzicki, Joseph) (Entered: 10/26/2026) |
| 10/26/2026 | | Set/Reset Deadlines: Compliance due by 11/9/2026 re Transcript Information Form. (thb) (Entered: 10/26/2026) |

Case 1:24-cv-00158-JRH Document 56 Filed 10/26/26 Page 1 of 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY,<br><br>Appellant,<br><br>v.<br><br>KIRKLAND FINANCIAL LLC,<br><br>Appellee. | CIVIL ACTION FILE<br>NO. 1:24-cv-00158-JRH-BKE |

**NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

Appellant WFG National Title Insurance Company ("WFG"), by and through its undersigned counsel, hereby appeals the Order (Doc. No. 47) and Judgment (Doc. No. 48) of the District Court for the Southern District of Georgia entered in this case on September 24, 2026, which vacated the Court's September 26, 2025 Order converting Appellee Kirkland Financial LLC's Motion to Dismiss into a Motion for Summary Judgment ("Motion"), took judicial notice of the complaint and judgment attached to Appellee's Motion, granted Appellee's Motion, and found Appellant's claims against Appellee are barred by res judicata. A copy of this Court's Order is attached hereto as Exhibit "A." A copy of this Court's Judgment is attached hereto as Exhibit "B."

The parties to the Order and Judgment appealed from and the names and addresses of the respective attorneys are as follows:

Appellant:
WFG National Title Insurance Company

Counsel for Appellant:
J. Kelsey Grodzicki
Winter Capriola Zenner, LLC
One Ameris Center
3490 Piedmont Road NE
Suite 800
Atlanta, Georgia 30305

Appellee:
Kirkland Financial LLC

Counsel for Appellee:
James J. Swartz, Jr.
Seyfarth Shaw, LLP
1075 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30309

Paul J. Krog (pro hac vice)
Bulso PLC
155 Franklin Road
Suite 400
Brentwood, TN 37072

This 26th day of October, 2026.

**Winter Capriola Zenner, LLC**

Case 1:24-cv-00158-RH Document 51 Filed 10/26/26 Page 3 of 8

*<u>/s/ J. Kelsey Grodzicki</u>*
J. Kelsey Grodzicki
Georgia Bar No. 134259
One Ameris Center
3490 Piedmont Road NE, Suite 800
Atlanta, GA 30305
Telephone: (404) 844-5673
kgrodzicki@wczlaw.com

*Counsel for WFG National Title Insurance Company*

Case 1:24-cv-01585-JRH Document 56 Filed 10/26/26 Page 4 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system.

*/s/ J. Kelsey Grodzicki*
J. Kelsey Grodzicki
Georgia Bar No. 134259

*Counsel for WFG National Title Insurance Company*

**Winter Capriola Zenner, LLC**
One Ameris Center
3490 Piedmont Road NE, Suite 800
Atlanta, Georgia 30305
(404) 844-5673 (phone)
kgrodzicki@wczlaw.com

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 124-158 |
| v. | * | |
| | * | |
| KIRKLAND FINANCIAL, LLC, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court are Kirkland Financial, LLC's ("Kirkland") motion for summary judgment (Doc. 30), WFG National Title Insurance Company's ("WFG") motion for extension of time to complete discovery (Doc. 36), WFG's motion to strike Kirkland's statement of undisputed material facts ("SUMF") (Doc. 37), and Kirkland's request to vacate the Court's September 26, 2025 Order (Doc. 40). The Court considers the Parties' motions and requests below.

## I. BACKGROUND

The background of this case was outlined in the Court's September 26, 2025 Order in which it converted Kirkland's motion to dismiss into a motion for summary judgment.[1] (Doc. 29.) In

[1] The Court adopts any defined terms in the September 26, 2025 Order for use in this Order to ensure consistency.

that order, the Court looked at the eight exhibits attached to Kirkland's motion to dismiss to determine whether they could be considered in ruling on the motion. (Id. at 5-7.) When looking at Exhibits 2 and 3, the complaint and judgment from the Chancery Court of Sumner County, Tennessee (the "Tennessee Lawsuit"), the Court found considering them required converting the motion to a motion for summary judgment. (Id. at 6.) One of Kirkland's arguments for dismissal was that the Tennessee Lawsuit's judgment bars WFG's claims, and the Court held that since this could resolve the case, it would be most efficient to consider evidence outside the pleadings. (Id.) Thus, the Court provided WFG time to respond to the converted motion for summary judgment and allowed Kirkland to reply. (Id. at 6-7.) This conversion has led to several additional requests from both sides. The Court considers the Parties' motions and requests below.

## II. RECONSIDERATION REQUEST

First, the Court addresses Kirkland's request pursuant to Federal Rule of Civil Procedure 54(b) that the Court vacate its September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment. (Doc. 40, at 1.) Kirkland asserts the Court erred in concluding the exhibits required conversion to a summary judgment and urges the Court to rule on the motion as originally filed, as one to dismiss. (Id. at 2.) Kirkland argues

the Court should have taken judicial notice of the Tennessee Lawsuit's documents, and the most straightforward path is for the Court to grant the originally filed motion to dismiss. (Id. at 4.) In response, WFG argues the Court properly converted the motion to one for summary judgment, and the Court only could have taken judicial notice of the Tennessee Lawsuit documents to determine "which statements the documents contain (but not for determining the truth of those statements)." (Doc. 45, at 2 (citation omitted).)

The Eleventh Circuit has held that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted); see also ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (court took notice of settlement in a related proceeding that rendered the current case moot). It is not appropriate to take judicial notice to prove the truth of the document's contents, but it can be used "for the purpose of determining what statements the documents contain." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) (citation omitted). Pursuant to Federal Rule of Evidence 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Turning to Rule 54(b), it provides,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). The Eleventh Circuit has said that Rule 54(b) takes after Rule 60(b). Herman v. Hartford Life and Accident Ins., 508 F. App'x 923, 927 n.1 (11th Cir. 2013) (citation omitted). Rule 60(b) permits "relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (quoting FED. R. CIV. P. 60(b)) (internal quotation marks omitted).

The Court finds it inadvertently overlooked its ability to take judicial notice of the Tennessee Lawsuit complaint and judgment by recognizing the judgment as a "judicial act" and the complaint as the subject matter of the litigation. Jones, 29 F.3d at 1553 (citations omitted). While the Tennessee Lawsuit was not mentioned in the Complaint, which is why the Court did not originally take notice of it, it is still proper to take judicial notice of the documents to determine what statements they contain.

Bryant, 187 F.3d at 1278. The accuracy of the documents "can be readily ascertained from the public court records." Kraft v. Kurowski, No. 5:25-CV-677, 2026 WL 1839877, at *1 (M.D. Fla. June 25, 2026) (citing FED. R. EVID. 201(b)(2); Redner v. Citrus Cnty., 919 F.2d 646, 657 n.14 (11th Cir. 1990)). Consequently, the Court will take judicial notice of the complaint and judgment in the Tennessee Lawsuit (Docs. 16-2, 16-3), "not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and the filings therein." Id. (citing Jones, 29 F.3d at 1553; Bryant, 187 F.3d at 1278). Under the Federal Rules of Evidence, "the court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

Based on this determination, the Court finds that converting the motion to dismiss to a motion for summary judgment was unnecessary to consider the Tennessee Lawsuit documents. Thus, the Court **TAKES NOTICE** of the complaint and judgment from the Tennessee Lawsuit[2] (Docs. 16-2, 16-3) and **VACATES** the September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment. The Court will consider the motion to dismiss

---

[2] Federal Rule of Evidence 201(e) provides that "a party is entitled to be heard on the propriety of taking judicial notice." The Eleventh Circuit has held that a party made aware of documents and having an opportunity to respond to them satisfies the opportunity to be heard requirements. See Bryant, 187 F.3d at 1279. Since WFG had ample opportunity to challenge the propriety of judicial notice through the briefing in this matter, the Rule's requirements have been satisfied.

as originally filed and fully briefed by the Parties.[3] (Docs. 16, 17, 19, 24.) In ruling on the motion to dismiss, the Court will consider the complaint and judgment from the Tennessee Lawsuit. (Docs. 16-2, 16-3.)

## III. MOTION TO DISMISS

Kirkland moves to dismiss on four grounds: (1) Peak Asset Management LLC ("Peak") already sued Kirkland in Tennessee and the judgment carries preclusive effect, thus barring this claim; (2) WFG cannot sue Kirkland because Kirkland is also insured under the same policy as Peak; (3) Peak has no claim for WFG to assume because Kirkland's warranty required "prompt" notice of a breach, and Peak waited over a year to give notice; and (4) WFG fails to make a plausible allegation that Peak even suffered a compensable loss supporting subrogation. (Doc. 17, at 1-2, 6-9.) The Court considers the arguments in turn.

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule

[3] Pursuant to this finding, Kirkland's motion for summary judgment — the converted motion to dismiss (Doc. 30) is **DENIED AS MOOT**. Additionally, WFG's motions for discovery (Doc. 36) and to strike the SUMF (Doc. 37) are **DENIED AS MOOT** as the motion for summary judgment is no longer pending.

of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

**B. Discussion**

First, Kirkland asserts the judgment in the Tennessee Lawsuit bars WFG's action on the same claims here. (Doc. 17, at 6-7.) It argues that WFG is suing Kirkland on a claim that originally belonged to Peak, but Peak already "shot its bolt - and thus WFG's - when it sued Kirkland in Tennessee and obtained a final judgment on the very same claim." (Id.) Kirkland argues privity exists between WFG and Peak for claim-preclusion, and WFG's claim, which was originally Peak's, fails. (Id. at 7.) In response, WFG argues it did not participate or assent to the Tennessee Lawsuit, so its subrogation rights were not extinguished. (Doc. 19, at 4-5.) WFG also argues there are no allegations that it knew of the suit, and Kirkland knew of WFG's subrogation rights as a prior insured, so Kirkland should have inquired with Peak about whether the rights had accrued. (Id. at 5.)

"The Full Faith and Credit Act mandates that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996) (quoting 28 U.S.C. § 1738). "The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." Id. Furthermore, courts "may not 'employ their own rules . . . in

determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'" Id. (citation omitted). The Court must then turn to the laws of Tennessee to interpret the effect of the judgment entered in the Tennessee Lawsuit.

Under Tennessee law, res judicata "precludes 'a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit.'" Gerber v. Holcomb, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (citation omitted).

> To establish that a claim is barred by res judicata, the moving party must show "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits."

Burns v. Taurus Int'l Mfg., Inc., No. 20-20030-CIV, 2021 WL 6135122, at *3 (S.D. Fla. Oct. 6, 2021) (quoting Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012)). The Court turns to these four elements.

First, there is no dispute that the Chancery Court of Tennessee for the Eighteenth Judicial District at Gallatin is a court of competent jurisdiction. Thus, element one is satisfied. As to element two, "Tennessee law provides that 'parties are in privity for purposes of res judicata if they share the same interest in the subject matter of a lawsuit.'" Id. at *4 (quoting

Lloyd's Acceptance, Corp. v. Carroll Prop. Mgmt., LLC, No. 17-CV-02203, 2018 WL 3132621, at *6 (W.D. Tenn. June 26, 2018)). In the Tennessee Lawsuit, Peak sued Kirkland for breach of contract under the Servicing Agreement. (Doc. 16-2, at 1-3.) Here, WFG sued Kirkland for breach of contract under the Servicing Agreement by "stepp[ing] into the shoes of its insured, Peak." (Doc. 1-1, at 14.) Since WFG is stepping into the shoes of Peak, it follows that they share the same interest in the subject matter of the lawsuit. Burns, 2021 WL 6135122, at *4 (citation omitted). "[P]rivity 'connotes an identity of interest, that is, a mutual or successive interest to the same rights.'" Id. (quoting Bank of N.Y. Mellon v. Berry, No. W2017-01213-COA-R3-CV, 2018 WL 930967 *4 (Tenn. Ct. App. Feb. 15, 2018)). WFG makes an equity argument based on Georgia law that its subrogation rights were not extinguished by the settlement in the Tennessee Lawsuit because WFG was not a party and did not consent to the settlement. (Doc. 19, at 4-5.) However, Georgia law does not apply to this analysis, as outlined above. Further, WFG sues on behalf of Peak, for breach of the Servicing Agreement. It is therefore impossible to argue WFG is not in privity with Peak as it has stepped into the shoes of Peak, it explicitly derives its right to suit from being Peak's insurer, and it would have no breach of contract claim against Kirkland without Peak because WFG is not a party to the Servicing

Agreement.[4] Thus, the Court finds privity exists between Peak and WFG, satisfying element two.

For element three, the Court finds this suit and the Tennessee Lawsuit assert the same claim - breach of contract against Kirkland under the Servicing Agreement. (Doc. 1-1, at 13-15; Doc. 16-2, at 1-3.) WFG argues its subrogation rights were not extinguished because it was not a party to that lawsuit and did not consent to the settlement, but that is irrelevant to the Court's determination here. The plain language of both complaints show the same breach of contract claims asserted against Kirkland by first the insured, Peak, and then the insurer, WFG. Thus, element three is satisfied. Finally, the Court turns to element four. The Parties do not dispute that a settlement was reached in the Tennessee Lawsuit, and a consent judgment was ultimately entered. (Doc. 16-3.) Under Tennessee law, "a judgment or decree based on a compromise is 'on the merits' and is a bar to a subsequent action on the same issues." Third Nat'l Bank v. Scribner, 370 S.W.2d 482, 487 (Tenn. 1963); see also Gerber, 219 S.W. 3d at 917 ("Generally, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits."). The judgment entered provided "the parties have resolved the issues in dispute in this case and stipulated to its dismissal with prejudice." (Doc. 16-3, at 2.) The Court therefore

[4] As defined in the Court's September 26, 2025 Order, the Servicing Agreement was entered between Kirkland and Peak. (Doc. 29, at 3.)

Case 1:24-cv-00158-JRH Document 47 Filed 01/26/26 Page 12 of 13

ordered the action dismissed with prejudice. (Id.) Since Tennessee holds that a consent judgment operates as a judgment on the merits, element four is satisfied.

Based on the above, and upon review of the Tennessee Lawsuit's complaint and judgment, the Court finds this suit is barred by res judicata and shall be dismissed. The Court will not address Kirkland's other reasons for dismissal.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Kirkland's request to vacate the Court's September 26, 2025 Order (Doc. 40) is **GRANTED**. The Court **VACATES** the September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment, **REOPENS** the originally filed motion to dismiss (Doc. 16), **TAKES JUDICIAL NOTICE** of the complaint and judgment in the Tennessee Lawsuit (Docs. 16-2, 16-3), and **GRANTS** the motion to dismiss (Doc. 16), finding WFG's claims against Kirkland are barred by res judicata. The **CLERK** is **DIRECTED** to terminate all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

AO 450 (GAS Rev 09/20) Judgment in a Civil Case

# United States District Court
## *Southern District of Georgia*

WFG NATIONAL TITLE INSURANCE COMPANY,

Plaintiff,

v.

KIRKLAND FINANCIAL, LLC,

Defendant.

JUDGMENT IN A CIVIL CASE

CASE NUMBER: CV 124-158

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that, pursuant to the Order dated September 24, 2026, the Court's September 26, 2025 Order converting Defendant Kirkland Financial, LLC's Motion is vacated. The Court takes judicial notice of the complaint and judgment attached to said motion; therefore, Defendant Kirkland Financial, LLC's originally filed Motion to Dismiss is granted, in which Plaintiff WFG National Title Insurance Company's claims against Defendant are barred by res judicata. This case stands closed.




09/24/2026
*Date*

John E. Triplett, Clerk of Court
*Clerk*

Jamie Hodge
*(By) Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 124-158 |
| v. | * | |
| | * | |
| KIRKLAND FINANCIAL, LLC, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court are Kirkland Financial, LLC's ("Kirkland") motion for summary judgment (Doc. 30), WFG National Title Insurance Company's ("WFG") motion for extension of time to complete discovery (Doc. 36), WFG's motion to strike Kirkland's statement of undisputed material facts ("SUMF") (Doc. 37), and Kirkland's request to vacate the Court's September 26, 2025 Order (Doc. 40). The Court considers the Parties' motions and requests below.

## I. BACKGROUND

The background of this case was outlined in the Court's September 26, 2025 Order in which it converted Kirkland's motion to dismiss into a motion for summary judgment.[1] (Doc. 29.) In

[1] The Court adopts any defined terms in the September 26, 2025 Order for use in this Order to ensure consistency.

that order, the Court looked at the eight exhibits attached to Kirkland's motion to dismiss to determine whether they could be considered in ruling on the motion. (Id. at 5-7.) When looking at Exhibits 2 and 3, the complaint and judgment from the Chancery Court of Sumner County, Tennessee (the "Tennessee Lawsuit"), the Court found considering them required converting the motion to a motion for summary judgment. (Id. at 6.) One of Kirkland's arguments for dismissal was that the Tennessee Lawsuit's judgment bars WFG's claims, and the Court held that since this could resolve the case, it would be most efficient to consider evidence outside the pleadings. (Id.) Thus, the Court provided WFG time to respond to the converted motion for summary judgment and allowed Kirkland to reply. (Id. at 6-7.) This conversion has led to several additional requests from both sides. The Court considers the Parties' motions and requests below.

## II. RECONSIDERATION REQUEST

First, the Court addresses Kirkland's request pursuant to Federal Rule of Civil Procedure 54(b) that the Court vacate its September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment. (Doc. 40, at 1.) Kirkland asserts the Court erred in concluding the exhibits required conversion to a summary judgment and urges the Court to rule on the motion as originally filed, as one to dismiss. (Id. at 2.) Kirkland argues

the Court should have taken judicial notice of the Tennessee Lawsuit's documents, and the most straightforward path is for the Court to grant the originally filed motion to dismiss. (Id. at 4.) In response, WFG argues the Court properly converted the motion to one for summary judgment, and the Court only could have taken judicial notice of the Tennessee Lawsuit documents to determine "which statements the documents contain (but not for determining the truth of those statements)." (Doc. 45, at 2 (citation omitted).)

The Eleventh Circuit has held that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted); see also ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (court took notice of settlement in a related proceeding that rendered the current case moot). It is not appropriate to take judicial notice to prove the truth of the document's contents, but it can be used "for the purpose of determining what statements the documents contain." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) (citation omitted). Pursuant to Federal Rule of Evidence 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Turning to Rule 54(b), it provides,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). The Eleventh Circuit has said that Rule 54(b) takes after Rule 60(b). Herman v. Hartford Life and Accident Ins., 508 F. App'x 923, 927 n.1 (11th Cir. 2013) (citation omitted). Rule 60(b) permits "relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (quoting FED. R. CIV. P. 60(b)) (internal quotation marks omitted).

The Court finds it inadvertently overlooked its ability to take judicial notice of the Tennessee Lawsuit complaint and judgment by recognizing the judgment as a "judicial act" and the complaint as the subject matter of the litigation. Jones, 29 F.3d at 1553 (citations omitted). While the Tennessee Lawsuit was not mentioned in the Complaint, which is why the Court did not originally take notice of it, it is still proper to take judicial notice of the documents to determine what statements they contain.

Bryant, 187 F.3d at 1278. The accuracy of the documents "can be readily ascertained from the public court records." Kraft v. Kurowski, No. 5:25-CV-677, 2026 WL 1839877, at *1 (M.D. Fla. June 25, 2026) (citing FED. R. EVID. 201(b)(2); Redner v. Citrus Cnty., 919 F.2d 646, 657 n.14 (11th Cir. 1990)). Consequently, the Court will take judicial notice of the complaint and judgment in the Tennessee Lawsuit (Docs. 16-2, 16-3), "not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and the filings therein." Id. (citing Jones, 29 F.3d at 1553; Bryant, 187 F.3d at 1278). Under the Federal Rules of Evidence, "the court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

Based on this determination, the Court finds that converting the motion to dismiss to a motion for summary judgment was unnecessary to consider the Tennessee Lawsuit documents. Thus, the Court **TAKES NOTICE** of the complaint and judgment from the Tennessee Lawsuit[2] (Docs. 16-2, 16-3) and **VACATES** the September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment. The Court will consider the motion to dismiss

[2] Federal Rule of Evidence 201(e) provides that "a party is entitled to be heard on the propriety of taking judicial notice." The Eleventh Circuit has held that a party made aware of documents and having an opportunity to respond to them satisfies the opportunity to be heard requirements. See Bryant, 187 F.3d at 1279. Since WFG had ample opportunity to challenge the propriety of judicial notice through the briefing in this matter, the Rule's requirements have been satisfied.

as originally filed and fully briefed by the Parties.[3] (Docs. 16, 17, 19, 24.) In ruling on the motion to dismiss, the Court will consider the complaint and judgment from the Tennessee Lawsuit. (Docs. 16-2, 16-3.)

## III. MOTION TO DISMISS

Kirkland moves to dismiss on four grounds: (1) Peak Asset Management LLC ("Peak") already sued Kirkland in Tennessee and the judgment carries preclusive effect, thus barring this claim; (2) WFG cannot sue Kirkland because Kirkland is also insured under the same policy as Peak; (3) Peak has no claim for WFG to assume because Kirkland's warranty required "prompt" notice of a breach, and Peak waited over a year to give notice; and (4) WFG fails to make a plausible allegation that Peak even suffered a compensable loss supporting subrogation. (Doc. 17, at 1-2, 6-9.) The Court considers the arguments in turn.

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule

[3] Pursuant to this finding, Kirkland's motion for summary judgment — the converted motion to dismiss (Doc. 30) is **DENIED AS MOOT**. Additionally, WFG's motions for discovery (Doc. 36) and to strike the SUMF (Doc. 37) are **DENIED AS MOOT** as the motion for summary judgment is no longer pending.

of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

**B. Discussion**

First, Kirkland asserts the judgment in the Tennessee Lawsuit bars WFG's action on the same claims here. (Doc. 17, at 6-7.) It argues that WFG is suing Kirkland on a claim that originally belonged to Peak, but Peak already "shot its bolt - and thus WFG's - when it sued Kirkland in Tennessee and obtained a final judgment on the very same claim." (Id.) Kirkland argues privity exists between WFG and Peak for claim-preclusion, and WFG's claim, which was originally Peak's, fails. (Id. at 7.) In response, WFG argues it did not participate or assent to the Tennessee Lawsuit, so its subrogation rights were not extinguished. (Doc. 19, at 4-5.) WFG also argues there are no allegations that it knew of the suit, and Kirkland knew of WFG's subrogation rights as a prior insured, so Kirkland should have inquired with Peak about whether the rights had accrued. (Id. at 5.)

"The Full Faith and Credit Act mandates that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996) (quoting 28 U.S.C. § 1738). "The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." Id. Furthermore, courts "may not 'employ their own rules . . . in

determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'" Id. (citation omitted). The Court must then turn to the laws of Tennessee to interpret the effect of the judgment entered in the Tennessee Lawsuit.

Under Tennessee law, res judicata "precludes 'a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit.'" Gerber v. Holcomb, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (citation omitted).

> To establish that a claim is barred by res judicata, the moving party must show "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits."

Burns v. Taurus Int'l Mfg., Inc., No. 20-20030-CIV, 2021 WL 6135122, at *3 (S.D. Fla. Oct. 6, 2021) (quoting Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012)). The Court turns to these four elements.

First, there is no dispute that the Chancery Court of Tennessee for the Eighteenth Judicial District at Gallatin is a court of competent jurisdiction. Thus, element one is satisfied. As to element two, "Tennessee law provides that 'parties are in privity for purposes of res judicata if they share the same interest in the subject matter of a lawsuit.'" Id. at *4 (quoting

Lloyd's Acceptance, Corp. v. Carroll Prop. Mgmt., LLC, No. 17-CV-02203, 2018 WL 3132621, at *6 (W.D. Tenn. June 26, 2018)). In the Tennessee Lawsuit, Peak sued Kirkland for breach of contract under the Servicing Agreement. (Doc. 16-2, at 1-3.) Here, WFG sued Kirkland for breach of contract under the Servicing Agreement by "stepp[ing] into the shoes of its insured, Peak." (Doc. 1-1, at 14.) Since WFG is stepping into the shoes of Peak, it follows that they share the same interest in the subject matter of the lawsuit. Burns, 2021 WL 6135122, at *4 (citation omitted). "[P]rivity 'connotes an identity of interest, that is, a mutual or successive interest to the same rights.'" Id. (quoting Bank of N.Y. Mellon v. Berry, No. W2017-01213-COA-R3-CV, 2018 WL 930967 *4 (Tenn. Ct. App. Feb. 15, 2018)). WFG makes an equity argument based on Georgia law that its subrogation rights were not extinguished by the settlement in the Tennessee Lawsuit because WFG was not a party and did not consent to the settlement. (Doc. 19, at 4-5.) However, Georgia law does not apply to this analysis, as outlined above. Further, WFG sues on behalf of Peak, for breach of the Servicing Agreement. It is therefore impossible to argue WFG is not in privity with Peak as it has stepped into the shoes of Peak, it explicitly derives its right to suit from being Peak's insurer, and it would have no breach of contract claim against Kirkland without Peak because WFG is not a party to the Servicing

Agreement.[4] Thus, the Court finds privity exists between Peak and WFG, satisfying element two.

For element three, the Court finds this suit and the Tennessee Lawsuit assert the same claim - breach of contract against Kirkland under the Servicing Agreement. (Doc. 1-1, at 13-15; Doc. 16-2, at 1-3.) WFG argues its subrogation rights were not extinguished because it was not a party to that lawsuit and did not consent to the settlement, but that is irrelevant to the Court's determination here. The plain language of both complaints show the same breach of contract claims asserted against Kirkland by first the insured, Peak, and then the insurer, WFG. Thus, element three is satisfied. Finally, the Court turns to element four. The Parties do not dispute that a settlement was reached in the Tennessee Lawsuit, and a consent judgment was ultimately entered. (Doc. 16-3.) Under Tennessee law, "a judgment or decree based on a compromise is 'on the merits' and is a bar to a subsequent action on the same issues." Third Nat'l Bank v. Scribner, 370 S.W.2d 482, 487 (Tenn. 1963); see also Gerber, 219 S.W. 3d at 917 ("Generally, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits."). The judgment entered provided "the parties have resolved the issues in dispute in this case and stipulated to its dismissal with prejudice." (Doc. 16-3, at 2.) The Court therefore

[4] As defined in the Court's September 26, 2025 Order, the Servicing Agreement was entered between Kirkland and Peak. (Doc. 29, at 3.)

ordered the action dismissed with prejudice. (Id.) Since Tennessee holds that a consent judgment operates as a judgment on the merits, element four is satisfied.

Based on the above, and upon review of the Tennessee Lawsuit's complaint and judgment, the Court finds this suit is barred by res judicata and shall be dismissed. The Court will not address Kirkland's other reasons for dismissal.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Kirkland's request to vacate the Court's September 26, 2025 Order (Doc. 40) is **GRANTED**. The Court **VACATES** the September 26, 2025 Order converting the motion to dismiss into a motion for summary judgment, **REOPENS** the originally filed motion to dismiss (Doc. 16), **TAKES JUDICIAL NOTICE** of the complaint and judgment in the Tennessee Lawsuit (Docs. 16-2, 16-3), and **GRANTS** the motion to dismiss (Doc. 16), finding WFG's claims against Kirkland are barred by res judicata. The **CLERK** is **DIRECTED** to terminate all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

AO 450 (GAS Rev 09/20) Judgment in a Civil Case

# United States District Court
## *Southern District of Georgia*

WFG NATIONAL TITLE INSURANCE COMPANY,

Plaintiff,

JUDGMENT IN A CIVIL CASE

v.

CASE NUMBER: CV 124-158

KIRKLAND FINANCIAL, LLC,

Defendant.

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that, pursuant to the Order dated September 24, 2026, the Court's September 26, 2025 Order converting Defendant Kirkland Financial, LLC's Motion is vacated. The Court takes judicial notice of the complaint and judgment attached to said motion; therefore, Defendant Kirkland Financial, LLC's originally filed Motion to Dismiss is granted, in which Plaintiff WFG National Title Insurance Company's claims against Defendant are barred by res judicata. This case stands closed.

09/24/2026
*Date*

John E. Triplett, Clerk of Court
*Clerk*

*(By) Deputy Clerk*